IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MERCHANT WAREHOUSE.COM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NOVA MERCHANT FUNDING, INC., and MORRIS AGIVAIVE <br><br> Defendants. | CIVIL ACTION NO. 10-10458 |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### Introduction

1. This case arises out of Defendants' unauthorized and unattributed copying of substantial portions of Plaintiff's copyrighted website. Defendants took significant portions of text and graphics from Plaintiff's website without acknowledgment or license and republished it on their website in order to market its directly competitive goods and services. Defendants tried to disguise their copying by removing Plaintiff's copyright notice from the infringed material and putting in place its own copyright notice. Defendants thus enhanced their own business at Plaintiff's expense.

2. This Action is brought under the Copyright Laws of the United States as amended, 17 U.S.C. §§ 101 *et seq.*, to redress the infringement of the copyrighted works owned by Plaintiff. Plaintiff also brings claims under the Digital Millennium Copyright Act, the Lanham Act, Chapter 93A of the Massachusetts General Laws, and the common laws of Massachusetts. Plaintiff seeks injunctive relief, damages, and attorneys' fees and costs.

**Parties**

3.      Plaintiff Merchant Warehouse.com, Inc. ("Merchant Warehouse" or "Plaintiff") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 2 International Place, 4th Floor, Boston, MA 02110. Plaintiff markets and sells credit card machines, credit card processing services and merchant accounts, and other merchant services such as gift card programs, check processing, cash advance services, and data security. Plaintiff owns and operates the website located on the World Wide Web at www.merchantwarehouse.com, at which it promotes and sells its good and services.

4.      Plaintiff is informed and believes and thereon alleges that Defendant Nova Merchant Funding, Inc. ("Nova Merchant") is, and at all times relevant hereto was, a corporation organized under the laws of the State of New York with its principal place of business at 262 Shotwell Avenue, Brooklyn, NY 10312. Nova Merchant is also in the business of providing credit card and account services and credit card machines to merchants and is a competitor of Plaintiff. Nova Merchant operates the website located on the World Wide Web at www.novamerchantfunding.com, at which it markets and sells it goods and services.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Morris Agivaive ("Agivaive") is an individual residing at the same address as Defendant Nova Merchant, namely, 262 Shotwell Avenue, Brooklyn, NY 10312. Plaintiff is informed and believes that Agivaive operates Nova Merchant out of his home, is an officer of Nova Merchant, is the dominant influence in the corporation, and has directly participated personally in and derives financial benefit from each of Defendant Nova Merchant's acts and omissions detailed herein. (Nova Merchant and Agivaive are collectively referred to herein as "Defendants.")

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants and each of them were, separately and together, primary participants and aided and abetted in a common course of misconduct as alleged herein in order to enrich themselves at Plaintiff's expense. Each of the Defendants were the agents, employees, partners, joint venturers, and/or co-conspirators of their co-Defendants, and in doing the things herein

alleged were acting within the course and scope of such agency, employment, partnership, joint venture, and/or conspiracy and under the direction of, and with the consent and permission, advance knowledge, and/or subsequent ratification of their co-Defendants.

## Jurisdiction and Venue

7. This action arises under the Copyright Act, 17 U.S.C. §§101 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1338(a, b) and 1367.

8. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

9. This court has personal jurisdiction over Defendants because Defendants do business in Massachusetts, directed their activities toward Massachusetts, and avail themselves of the laws of Massachusetts, and because this Action arises out of Defendants' transaction of business in Massachusetts, and activities directed toward and resulting in injury to Plaintiffs in Massachusetts.

10. Venue in the District of Massachusetts is proper under 28 U.S.C. §§1391(b, c) and 1400(a).

## Plaintiff Merchant Warehouse's Copyrighted Work

11. Founded in 1998, Plaintiff was one of the first companies to offer credit card processing services and equipment on the internet. Plaintiff is a leader in the market, with a long history as a member in good standing of the Better Business Bureau, and has been rated number one by Credit Card Processing Review. In 2009, the Electronic Transactions Association, an international trade association, named Plaintiff as the "ISO [(Independent Sales Organization)] of the Year."

12. Plaintiff owns no "brick and mortar" stores, and sells its merchandise and services exclusively through its website and the telephone, via a phone number advertised on the website. Plaintiff's business depends on its ability to attract merchants to its website and to acquire and keep their patronage of the services and goods offered through the website. Plaintiff's website

must identify Plaintiff to its customers and potential customers and distinguish Plaintiff from its competitors.

13. In or around 1998, Plaintiff created the website at <merchantwarehouse.com> for the purpose of providing its customers and potential customers with detailed information regarding its credit card, payment, and associated goods and services and offering its goods for sale nationwide. The website consists of original text and layout of text and graphics designed to offer detailed and clear information to merchants (the "Work").

14. Plaintiff published the Work with a conspicuous copyright notice reserving all rights in the copyright.

15. Plaintiff caused the Work to be registered in the United States Copyright Office in Plaintiff's name. The Certificate of Registration for U.S. Copyright Registration No. TX 6-604-924, dated July 13, 2007, is attached hereto as <u>Exhibit 1</u>.

16. A copy of the Work was deposited in and certified by the U.S. Copyright Office.

17. Plaintiff subsequently published a revised version of the Work at <merchantwarehouse.com>, consisting of significant portions of the registered version of the Work along with new content, including text, graphics, and layout (the "Revised Work").

18. Plaintiff published the Revised Work on or before October 1, 2009, with a conspicuous copyright notice stating, "Copyright © 2009 Merchant Warehouse. All Rights Reserved."

19. Plaintiff caused the Revised Work to be registered in the United States Copyright Office in Plaintiff's name. The Certificate of Registration for U.S. Copyright Registration No. TX 7-056-429, dated January 28, 2010, is attached hereto as <u>Exhibit 2</u>.

20. A copy of the Revised Work was deposited in and certified by the U.S. Copyright Office. (The Work and the Revised Work are collectively referred to herein as the "Works.")

**Defendants' Unauthorized Copying**

21. Plaintiff is informed and believes that Defendants maintain a website on the World Wide Web at <novamerchantfunding.com> (the "Nova Merchant Website").

22. Like Plaintiff's copyrighted website, Defendants' website provides merchants with detailed information regarding credit card machines, credit card processing, merchant account services, and related goods and services.

23. Defendants' website elements are taken in substantial part from the Works. Defendants copied elements such as text, menu options, website layout, goods and services offerings and descriptions, and copied significant portions of the Works verbatim.

24. In or around January 2009, Plaintiff discovered Defendants' unauthorized copying of substantial portions of Plaintiff's website.

25. At the time that Plaintiff discovered Defendants' copying, at least nine pages of Defendants' website contained page titles, category headings, paragraphs of text, and graphics which were identical or virtually identical to pages contained in the Works. For example, Defendants' webpage titled "About Us," took Plaintiff's original descriptions of its business and reputation and replaced Plaintiff's name with Defendant's. As one example, Plaintiff's website read:

"**Credibility:**

Merchant Warehouse has earned one of the best reputations in the credit card processing industry. No other company can boast of higher customer satisfaction or retention rates. We have a long history as a member in good standing of the Better Business Bureau, and have been rated number one by Credit Card Processing Review. Simply put, we don't play games, we don't make false promises and we don't hide costs and fees in confusing contracts."

Defendant's website read:

"**Credibility:**

Nova Merchant funding has earned one of the best reputations in the credit card processing industry. No other company can boast of higher customer satisfaction or retention rates. Simply put, we don't play games, we don't make false promises and we don't hide costs and fees in confusing contracts."

26. There were numerous examples of copying as egregious as the instance cited above. At a minimum, Defendants copied the primary menu and category descriptions found on

Plaintiff's landing page and on Plaintiff's "Apply Now" page, as well as significant portions of text, category headings, and graphics on pages titled "Retail Credit Card Processing," "Wireless Credit Card Processing," "Moto Credit Card Processing," "Online Credit Card Processing," "How to Choose a Merchant Account," "Merchant Account Services," and "Merchant Account Technology." This list of examples is not exhaustive and represents only a portion of Defendants' unauthorized copying.

27. Plaintiff wrote to Defendants on January 14, 2009, and brought Defendants' infringement to their attention.

28. On or about January 20, 2009, Defendant Agivaive called counsel for Plaintiff in response to Plaintiff's letter. Agivaive claimed that Defendants had been "basically defrauded" by its webmaster and that they would immediately change their website so that it no longer infringed Plaintiff's website.

29. Subsequent to Defendant Agivaive's promise to change the website to no longer infringe the Works, Plaintiff discovered that Defendants' website continued to use substantial portions of the copyrighted Works.

30. On or about October 26, 2009, Plaintiff again wrote to Defendants and brought their continuing infringement to their attention. Defendants responded by email on November 10, 2009, claiming that they saw "the problem," and "are working on it as we speak." Despite this representation, Defendants' infringement has not stopped.

31. Plaintiff spent substantial time and effort to create the Works, including to create the original text and to design the layout and appearance of the website at <merchantwarehouse.com>.

32. Defendants copied significant portions of Plaintiff's website, reducing the amount of distinction between Plaintiff and Defendants and damaging Plaintiff's ability to promote its business, distinguish itself from its competitors, and market its goods and services. Plaintiff believes its business has or will be damaged as a result.

**Defendant's Unauthorized Use of Plaintiff's Trademark to Promote Defendant's Business**

33. Plaintiff owns U.S. Federal Trademark Registration No. 3,185,985 for the mark "Merchant Warehouse," registered December 19, 2006 with a first use in commerce date of January 31, 1998, and has made long, continuous, and exclusive use of the mark. A copy of the Registration is attached hereto as Exhibit 3. The registration gives Plaintiff the exclusive right to make commercial use of the mark and its goodwill in connection with "credit card transaction processing services" and "online and direct retail outlet services in the field of data processing equipment, namely, credit-card processing equipment and software, and rental of data processing equipment, namely, credit-card processing equipment and software," as recited in Plaintiff's registration.

34. In addition to its copying of the Works, Defendants have purchased Plaintiff's registered trademark, "Merchant Warehouse," as a "keyword" in the Google AdWords Program. Defendants' purchase of "Merchant Warehouse" as a keyword means that when customers are searching by name for Merchant Warehouse and enter the name in the Google search engine, an advertisement for Nova Merchant, complete with an active link labeled [www.NovaMerchantFunding.com,](www.NovaMerchantFunding.com) appears as a "Sponsored Link" directly adjacent to the natural search engine results. If consumers click on the link, they are automatically redirected to Defendants' website, bypassing Plaintiff's website entirely. A true and correct copy of the result of a search conducted on March 26, 2010, for "Merchant Warehouse" using Google search engine is attached hereto as Exhibit 4.

35. Through their purchase and use of Plaintiff's registered trademark as a Google keyword, combined with the use of the keyword to direct consumers searching for Plaintiff to instead arrive at Defendants' website, which consists in significant part of material copied from Plaintiff's copyrighted Works, Defendants have further damaged Plaintiff's ability to promote its business, distinguish itself from its competitors, and market its goods and services.

**First Cause of Action – Copyright Infringement**

36. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 35 above.

37. Plaintiff has registered and maintain a valid copyright for each of the Works at issue in this action.

38. By virtue of Defendants' wrongful conduct alleged above, Defendants have infringed and will continue to infringe Plaintiff's copyrights in the Works and relating to its website at <merchantwarehouse.com>.

39. Defendants' copyright infringement has been willful or knowing.

40. As a result of Defendants' acts of infringement, Plaintiff has sustained injury, loss, and damage.

41. No amount of monetary damages can adequately compensate Plaintiff for the continuing injury to its reputation and goodwill. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of the copyright laws.

42. Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain as a result of Defendants' wrongful acts as alleged above.

## Second Cause of Action –Violation of Digital Millennium Copyright Act

43. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 42 above.

44. Defendants knew or had reasonable grounds to know that removing the copyright notice from the Works and publishing the Works without Plaintiff's copyright notice would induce, facilitate, or conceal the infringement of Plaintiff's copyright. Such removal of the copyright notice and distribution violates the Digital Millennium Copyright Act, 17 U.S.C. §1202(b).

45. As a result of Defendants' unlawful removal of the copyright notice from the Works and distribution of the same without the copyright notices, Plaintiff has sustained injury, loss, and damage.

46. Plaintiff is entitled to the range of relief provided by 17 U.S.C. §§1202-1203, including injunctive relief, compensatory or statutory damages, and its costs and attorneys' fees in an amount to be proven at trial.

### Third Cause of Action – Violation of the Lanham Act

47. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 46 above.

48. Defendants advertise and promote their business, goods, and services through their use of Plaintiff's copyrighted works on their own website.

49. Defendants have and continue to publish substantial portions of the Works stripped of Plaintiff's copyright notice and without other attribution to Plaintiff, and with a copyright notice claiming copyright by Defendants. Plaintiff's copyright notices were designed to identified Plaintiff as the owner and source of the copyrighted Works.

50. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive others as to the origin of the Defendants' goods and services.

51. Defendants' actions constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that they constitute a false designation of origin and false advertising.

52. Defendants' actions in violation of Section 43(a) of the Lanham Act have been willful or knowing.

53. Plaintiff has sustained injury, loss, and damage as a result of Defendants' false and misleading designation of origin and false advertising in an amount not yet determined.

54. No amount of monetary damages can adequately compensate Plaintiff for the continuing injury to its reputation and goodwill. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of Section 43(a) of the Lanham Act.

### Fifth Cause of Action – Federal Trademark Infringement

55. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 54 above.

56. Defendants have and continue to utilize Plaintiff's "Merchant Warehouse" trademark in connection with Defendants' internet advertising and promoting of their competing services and goods, and in connection with Defendants' website consisting in significant part of

material copied from Plaintiff's copyrighted Works, thereby infringing Plaintiff's exclusive rights in its federally registered trademark as set forth in 15 U.S.C. §1115.

57. Defendants' acts constitute infringement of Plaintiff's rights in its trademark in violation of the Lanham Act, 15 U.S.C. §1114.

58. By reason of these acts, Defendants have caused and continue to cause damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

59. Plaintiff is entitled to monetary damage and injunctive relief prohibiting Defendants from using Plaintiff's "Merchant Warehouse" mark. Without injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill. Plaintiff has been and will continue to be irreparably harmed. No amount of monetary damages can adequately compensate Plaintiff if it loses the ability to control use of its "Merchant Warehouse" mark, or suffer damage to its reputation or goodwill through the false and unauthorized use of the "Merchant Warehouse" trademark.

60. Because Defendants' actions have been committed willfully, maliciously, and intentionally, this is an exceptional case and Plaintiff is entitled to recover Defendants' profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

**Fourth Cause of Action – Unfair and Deceptive Trade Practices under M.G.L. ch. 93A**

61. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 60 above.

62. At all times relevant hereto, Defendants were engaged in trade or commerce as those terms are defined in Massachusetts General Laws, ch. 93A.

63. Defendants' unlawful and willful use of the "Merchant Warehouse" trademark in connection with their purchase of keywords in Google's AdWords program constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of M.G.L. ch. 93A.

64. Defendants' acts, singularly and collectively, have caused and, unless Defendants are permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm. No amount

of monetary damages can adequately compensate Plaintiff for the continuing injury to its reputation and goodwill. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of M.G.L. ch 93A.

### Fifth Cause of Action – Common Law Trademark Infringement

65.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 64 above.

66.     The "Merchant Warehouse" trademark has a long, continuous and exclusive use within the Commonwealth of Massachusetts and has obtained distinctive qualities and features beyond those commonly employed by producers or advertisers.

67.     Defendants' unlawful and willful use of the "Merchant Warehouse" trademark in connection with their purchase of keywords in Google's AdWords program constitutes trademark infringement under the common law of Massachusetts.

68.     Defendants have diluted the distinctive quality of the "Merchant Warehouse" trademark.

69.     Defendants' acts have caused and, unless Defendants are permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm.  No amount of monetary damages can adequately compensate Plaintiff for the continuing injury to its reputation and goodwill. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of the common law of the state of Massachusetts.

### Sixth Cause of Action – Common Law Unjust Enrichment

70.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 69 above.

71.     Defendants' unlawful and willful use of the "Merchant Warehouse" trademark in connection with their purchase of keywords in Google's AdWords program constitutes unjust enrichment under the common law of the Massachusetts.

72. As a direct and proximate result of their unlawful and improper acts, Defendants have been unjustly enriched and Plaintiff has suffered, and will continue to suffer, loss of profits by virtue of Defendants' conduct.

73. Defendants' acts have caused and, unless Defendants are permanently enjoined, will continue to cause, Plaintiff to suffer irreparable harm. No amount of monetary damages can adequately compensate Plaintiff for the continuing injury to its reputation and goodwill. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with it, from engaging in further such acts in violation of the common law of the state of Massachusetts.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For a judgment that Defendants have infringed Plaintiff's copyrights in the Works;

2. For an order requiring Defendants to show cause why they should not be enjoined from further such infringement as set forth in this complaint, during the pendency of this action;

3. For a preliminary injunction and permanent injunction pursuant to 17 U.S.C. §502(a) enjoining Defendant Morris Agivaive and Defendant Nova Merchant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them from directly or indirectly infringing Plaintiff's copyright in the Works;

4. For a preliminary injunction and permanent injunction pursuant to 17 U.S.C. §1203 enjoining Defendant Morris Agivaive and Defendant Nova Merchant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them from directly or indirectly violating Plaintiff's rights under the Digital Millennium Copyright Act §1202.

5. For a judgment that Defendants have infringed Plaintiff's exclusive rights in the "Merchant Warehouse" mark;

6. For an order requiring Defendants to show cause why they should not be enjoined from further such infringement as set forth in this complaint, during the pendency of this action;

7. For a preliminary injunction and permanent injunction enjoining Defendant Morris Agivaive and Defendant Nova Merchant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, from: (a) purchasing or bidding on keywords that are identical or substantially similar to Plaintiff's "Merchant Warehouse" mark, which are likely to cause consumer confusion, mistake, or deception with respect to Plaintiff's "Merchant Warehouse" mark; and (b) continuing the purchase the right to be listed as a "Sponsored Link" when a consumer conducts a search on Google, or any other search engine, by typing in the term "Merchant Warehouse" or any other substantially similar term to Plaintiff's "Merchant Warehouse" mark;

8. For a preliminary injunction and permanent injunction enjoining Defendant Morris Agivaive and Defendant Nova Merchant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, from directly or indirectly making use of Plaintiff's "Merchant Warehouse" mark and/or any terms confusingly similar thereto which is likely to confuse consumers into believing that the services that are the subject of Defendants' keyword advertising are sponsored by, affiliated with, or otherwise endorsed in any way by Plaintiff.

9. For a preliminary injunction and permanent injunction enjoining Defendant Morris Agivaive and Defendant Nova Merchant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, from committing any other acts calculated to cause purchasers to believe that any of Defendants' goods or services are sponsored by, approved by, connected with, or offered or sold by Plaintiff or under license from Plaintiff, including use of Plaintiff's "Merchant Warehouse" mark, or terms confusingly similar thereto, as or within a metatag or other metadata or a domain name;

10. For an order requiring Defendants to file with the Court and to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

11. For general and special damages in an amount according to proof at trial, but in the minimum amount of $150,000;

12. For statutory damages pursuant to 17 U.S.C. §§101 et seq., 17 U.S.C. §1203, and 15 U.S.C. §§1117;

13. For an accounting of all gains, profits and benefits derived from Defendant's' acts of infringement;

14. That all gains, profits and advantages derived by Defendants from their acts of infringement be deemed to be in constructive trust for the benefit of Plaintiff;

15. That the damages awarded for Defendants' infringements be trebled.

16. For Plaintiff's attorneys' fees incurred herein under 17 U.S.C. §505, 17 U.S.C. §1203, and 15 U.S.C. §1117;

17. For costs of suit incurred herein; and

18. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

*[Signatures on Next Page]*

Dated: March 17, 2010  NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ William Hogan*
William T. Hogan III (BBO# 237710)
bill.hogan@nelsonmullins.com
Michael R. Murphy (BBO# 671816)
michael.murphy@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place
Boston, MA 02108
Tel: 617.573.4700

Of Counsel (Pro Hac Pending):
MANATT, PHELPS & PHILLIPS LLP

Susan E. Hollander
Christopher L. Wanger
Britt L. Anderson
Judith M. Schvimmer

One Embarcadero Center, 30th Floor
San Francisco, CA 94109
Tel: 415.291.7400

*Attorneys for Plaintiff*
MERCHANT WAREHOUSE.COM, INC

## CERTIFICATE OF SERVICE

I, William T. Hogan III, hereby certify that this document has been filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: March 17, 2010  */s/ William Hogan*
William T. Hogan III